UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD KEVIN HILL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 4:05-cv-38 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CAROL HOWES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

    I.       Factual allegations

Petitioner Ronald Kevin Hill presently is incarcerated with the Michigan Department of Corrections and housed at the Lakeland Correctional Facility. He currently is serving a term of six to twenty-five years, imposed by the Berrien County Circuit Court on December 9, 2002, after Petitioner pleaded guilty to first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.502b(1)(a).

According to the petition, Petitioner was denied appellate counsel by the Berrien County Circuit Court. He filed a *pro per* delayed application for leave to appeal to the Michigan Court of Appeals, raising three grounds: (1) ineffective assistance of counsel at sentencing for failing to object to mis-scoring of Offense Variable 13; (2) denial of constitutional right to appellate counsel by trial court's failure to appoint appellate counsel; and (3) ineffective assistance of counsel at sentencing for failing to challenge the prosecutor's breach of the plea agreement. On March 15, 2004, the court of appeals denied leave to appeal for lack of merit in the grounds presented. Due to an error in the prison mail system, Petitioner did not receive notice of the decision until April 19, 2004. In addition, because Petitioner lacks the ability to read and write at an adequate level, he participates in a program providing legal assistance to prisoners. Petitioner immediately sought assistance, but he was not called out to meet with anyone about the appeal until May 13, 2004, after expiration of the 56-day period for filing a delayed application for leave to appeal to the Michigan Supreme Court, which ended on May 10, 2004. Although documentation of the mail delay was provided to the supreme court by the warden, Petitioner's delayed application for leave to appeal was rejected for filing on June 16, 2004.

The instant petition, filed April 7, 2005, raises the same three grounds raised in the Michigan Court of Appeals and attempted in the Michigan Supreme Court.

## II.     Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he raised all of his habeas grounds in the Michigan Court of Appeals and that he attempted to raise those grounds in the Michigan Supreme Court, though his application for leave to appeal was rejected without filing as untimely. He therefore has not met the requirement of providing the state's highest court with an opportunity for review of his claims. *O'Sullivan*, 526 U.S. at 845.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq.* Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. As a result, the Court concludes that he has at least one available state remedy. Petitioner therefore must return to state court to exhaust his claims by raising them in a motion for relief from judgment and appealing any decision through all levels of the state courts.

However, a return to state court to exhaust available remedies has implications for the one-year statute of limitations applicable to Petitioner's habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner sought leave to appeal his conviction to the Michigan Court of Appeals, which denied leave to appeal on March 15, 2004, for lack of merit in the grounds presented. Petitioner sought leave to appeal to the Michigan Supreme Court, which rejected his application on June 16, 2004, as untimely because the last date for filing was 56 days after the court of appeals decision, or May 10, 2004. *See* MICH. CT. R. 7.302(C)(2).

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such*

*review*." ) (emphasis added). However, such a petitioner is not also entitled to count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 123 S. Ct. 1072 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the 56-day period for seeking review in the Michigan Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Petitioner's conviction therefore became final on May 10, 2004. Accordingly, Petitioner has one year, until May 11, 2004, in which to file his habeas petition.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[1] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002); *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th

---

[1] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

Cir. 2002). The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[2] The Supreme Court has since approved a stay-and-abeyance procedure similar to that adopted by the Sixth Circuit in *Palmer*. *See Rhines v. Weber*, 125 S. Ct. 1528, 2005 WL 711587 (2005). The *Rhines* Court held, however, that issuance of a stay is only appropriate if the petitioner shows good cause for having failed to exhaust his claims prior to filing and if the unexhausted claims are not plainly meritless. *Rhines*, 2005 WL 711587, at *5.

It is unclear whether *Palmer* applies to a "non-mixed" petition such as the petition in issue in the instant case. However, in circumstances such as those present here – where Petitioner was denied counsel on appeal, where he was insufficiently literate to represent himself, and where prison mail disruptions impaired his ability to timely appeal his claims to the Michigan Supreme Court – the Court concludes that the *Palmer* rule should apply. Because Petitioner has less than 60 days remaining on his statute of limitations, he is entitled to a stay under *Palmer*, providing he meets the requirements set forth in *Rhines*. Upon review, the Court concludes that Petitioner has met both *Rhines* requirements. First, the Court finds that Petitioner's functional illiteracy, lack of representation on appeal, and mail disruptions impairing his right to appeal collectively warrant a finding of good cause for Petitioner's failure to exhaust his remedies in the state courts before filing his habeas petition. *Rhines*, 2005 WL 711587, at *5. Second, the Court has reviewed Petitioner's unexhausted claims and concludes that they are not meritless on their face under Rule 4, RULES

---

[2] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

GOVERNING § 2254 CASES. *See Rhines*, 2005 WL 711587, at *5.

## **Conclusion**

Accordingly, within 30 days of this order, Petitioner shall return to state court to exhaust his administrative remedies or risk having his petition dismissed. If Petitioner returns to state court within 30 days, he must file with this court within 45 days of this order an affidavit setting forth the date on which he has filed a motion for relief from judgment in the state court and the claims raised in that motion. Should Petitioner fail to return to state court or to file the required affidavit, the Court will dismiss his petition for lack of exhaustion. Upon receipt of Petitioner's affidavit, this Court will stay the action and administratively close this case until completion of state-court remedies. Once Petitioner has completed exhaustion of his state-court remedies, he must file an amended petition adding his newly exhausted claims with this Court within 30 days of final decision by the Michigan Supreme Court.

An Order consistent with this Opinion will be entered.


Dated:      April 18, 2005            /s/ Robert Holmes Bell
                                      Robert Holmes Bell
                                      Chief United States District Judge